IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| ANTHONY LEWIS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 25-06008-CV-SJ-GAF |
| US FARATHANE, | ) |
| Defendant. | ) |

**ORDER**

Now before the Court are *pro se* Plaintiff Anthony Lewis's ("Plaintiff") Motion for Sanctions (Doc. 20) and Motion for Remand (Doc. 21). U.S. Farathane, LLC ("Defendant") opposes the motions. (Doc. 22). Plaintiff has also filed a reply brief in support of his Motions. (Doc. 23). For the following reasons, Plaintiff's Motion to Remand is DENIED and Motion for Sanctions is DENIED.

**DISCUSSION**

**I. BACKGROUND**

Plaintiff was terminated by Defendant on March 9, 2023. (Doc. 1-2, ¶ 12). He filed a Charge of Discrimination jointly with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR") on September 20, 2023 to challenge his termination. (Doc. 9-1).

On July 8, 2024, Plaintiff filed a case alleging his termination violated the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. § 213.055, in the Circuit Court of Platte County, Missouri, which Defendant removed to this Court based on diversity jurisdiction. (Case No. 2-06116-CV-W-GAF; Doc. 9-3). Plaintiff sought remand (Doc. 9-4), and Defendant filed a motion to dismiss

1

based on Plaintiff's failure to exhaust administrative remedies and obtain a right to sue letter from the MCHR. (Doc. 9-5). On November 18, 2024, this Court denied Plaintiff's motion to remand because it had diversity jurisdiction and granted Defendant's motion to dismiss because Plaintiff did not obtain a right to sue letter from the MCHR as required to exhaust his administrative remedies. (Doc. 9-7).

On December 11, 2024, Plaintiff initiated this second action against Defendant in the Circuit Court of Platte County, MO, again alleging his termination violated the MHRA. (Doc. 1-2). Defendant removed the case to this Court, asserting complete diversity of the parties and amount in controversy exceeding $75,000. (Doc. 1).

On January 22, 2025, Plaintiff sought remand. (Doc. 7). Defendant filed a motion to dismiss for failure to state a claim for relief. (Doc. 8). On March 5, 2005, this Court denied Plaintiff's motion to remand based on its diversity jurisdiction and granted Defendant's motion to dismiss for failure to state a claim. (Doc. 18).

On March 26, 2025, Plaintiff filed a motion for sanctions and on April 4, 2025, he filed a motion to reinstate the case and again seeks remand to the state court. (Docs. 20 and 21). Defendant opposes. (Doc. 22).

II. ANALYSIS

The issue raised by Plaintiff in his motion to remand is that Defendant erroneously filed its notice of removal of this case (state court Case No. 24AE-CC00360) in Plaintiff's first state court case (state court Case No. 24AE-CC00196). Defendant was made aware of this error when Plaintiff, on March 24, 2025, filed a motion to enter judgment by default with the state court in this second lawsuit. (Doc. 22, p. 3). The Court notes that Defendant's filing in the state court case came after this Court had issued its order denying remand due to its original diversity jurisdiction

2

and dismissing the case. (Doc. 18). Plaintiff had not raised the issue of the erroneously filed notice of removal in state court at any time. Upon being made aware of the erroneous filing, Defendant filed a notice of removal in the correct state court case. (Doc. 22, ¶¶ 12-13). Plaintiff asserts that the procedural error by Defendant warrants reinstating this case and remanding to state court and he seeks costs and fees under 28 U.S.C. § 1447(c). (Doc. 21, p. 2; Doc. 20).

28 U.S.C. § 1446(d) provides that, "[p]romptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." The timeliness of filing a notice of removal in federal court is governed by § 1446, which provides that a defendant must file a notice of removal with the district court within 30 days after the defendant's receipt of the initial complaint. *See* § 1446(a), (b)(1). Section 1446(d) provides that promptly after filing the notice of removal with the district court, the defendant must file a copy of the notice with the state court. Filing the copy of the notice with the state court effects the removal. § 1446(d).

However, § 1446 does not state that removal must be effected within 30 days; it states that the defendant must file a notice of removal with the district court within 30 days. The only statutory time limit regarding filing notice with the state court is that it must be done promptly after the filing of the notice with the district court. § 1446(d); *see also, Bohanna v. Hartford Life & Acc. Ins. Co.*, 848 F. Supp. 2d 1009, 1013-1014 (W.D. Mo. 2012).

The Court finds that Defendant's delay in filing a corrected copy of the notice of removal with the state court in the correct case number does not warrant remand in this case. No significant action was taken in state court such that either party has been adversely affected by the delay other than a case management conference was set and continued. (Doc. 22, ¶ 14). Plaintiff was aware
3

of the removal to this Court from the correctly filed notice of removal that Defendant filed with this Court (Doc. 1), and he filed his motion for remand timely in this case with this Court. (Doc. 7). The civil cover sheet filed by Defendant references the correct state court case as "Original Proceeding 24-CC00360" and attached the correct state court petition. (Docs. 1-1 and 1-2). Thus, Defendant's notice of removal filed in the correct state court case satisfied the statutory requirement. Plaintiff was not prejudiced by the erroneous filing and this Court's finding that it had original diversity jurisdiction remains true. *See, e.g., Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 528 (8th Cir. 1996) ("A procedural defect in removal, such as untimeliness, does not affect the federal court's subject matter jurisdiction and therefore may be waived.").

Plaintiff also filed a motion for sanctions seeking $3,500.00 for costs and fees incurred. (Doc. 20). Pursuant to 28 U.S.C. § 1447(c), upon remanding an action originally filed in state court but removed to federal district court by a party to the action, a district court is authorized to award costs and expenses, including attorney fees, to the party resisting removal for fees incurred as a result of the removal. The Court is not remanding the action to the state court and declines to award any costs or fees to Plaintiff.

### **CONCLUSION**

For these reasons stated above, Plaintiff's Motion for Sanctions (Doc. 20) is DENIED and Motion to Remand (Doc. 21) is DENIED.

IT IS SO ORDERED.

s/ Gary A. Fenner
GARY A. FENNER, JUDGE
UNITED STATES DISTRICT COURT

DATED: April 29, 2025